# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KAREN MANZANO FUENTES,

    Plaintiff,

v.                                                          Case No:   6:24-cv-1693-WWB-LHP

ALI HUSSEIN SAAD,

    Defendant

---

## ORDER

Before the Court is Plaintiff's Renewed Motion for Attorney's Fees and Costs Pursuant to 22 U.S.C. § 9007(b)(3) and the Hague Convention.   Doc. No. 97.[1]   On December 5, 2024, the Court granted Plaintiff's Verified Petition for Return of Minor Children, and ordered the Minor Children returned to their habitual place of residence, Mexico.   Doc. No. 58.   Plaintiff now seeks recovery of $75,330.50 in attorney's fees, $405.00 in court costs, $289.90 for preparation of exhibits for hearings and trial in this matter, $1,704.07 in costs for counsel to prepare, travel, and

---

[1] The Court denied without prejudice Plaintiff's first motion for fees and costs for failure to comply with Local Rule 3.01(g)(3).   Doc. No. 96.

attend hearings and trial, and $4,697.22 in costs related to the return of the Minor Children to Mexico. Doc. No. 97, at 3.

Upon consideration, Plaintiff's Renewed Motion (Doc. No. 97) is **DENIED WITHOUT PREJUDICE**. Although Plaintiff cites to 22 U.S.C. § 9007(b)(3) and to two decisions from outside this Circuit authorizing recovery of attorney's fees when the attorney appears *pro bono*, Plaintiff conducts no analysis on the reasonableness of the requested fees under the lodestar approach, and provides no evidence to support the reasonableness of the requested fees beyond the self-serving affidavit of Plaintiff's own counsel and a copy of redacted billing records. Plaintiff alternatively fails to provide argument or legal support as to why the lodestar approach would not apply here. *See Neiuwenhoven v. Pisani*, No. 5:23-cv-34-GAP-PRL, 2023 WL 3794568, at *2, 11 (M.D. Fla. May 18, 2023), *report and recommendation adopted*, 2023 WL 3791463 (M.D. Fla. June 2, 2023); *Porter v. Gonzalez*, No. 8:09-cv-753-T-17TGW, 2009 WL 3417862, at *2 (M.D. Fla. Oct. 20, 2009); *Chafin v. Chafin*, No. CV–11–J–1461–NE, 2012 WL 12893523, at *3 (N.D. Ala. Mar. 7, 2012); *see also Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (to establish that a requested hourly rate is

reasonable and consistent with the prevailing market rate, the fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits," which requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates).

Plaintiff also fails to provide any argument, legal authority, or evidentiary support for any of the requested costs or expenses. Plaintiff must establish that the expenses were necessary and recoverable under 22 U.S.C. § 9007(b)(3) and/or the Hague Convention; a conclusory statement by counsel and vague entries in billing records are insufficient. *See Neiuwenhoven*, 2023 WL 3794568, at *2, 11; *Munoz v. Diaz*, No. 4:22-CV-9, 2023 WL 139732, at *9 (S.D. Ga. Jan. 9, 2023); *Toufighjou v. Tritschler*, No. 8:16-cv-1709-T-33JSS, 2016 WL 6122465, at *3 (M.D. Fla. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6084097 (M.D. Fla. Oct. 18, 2016); *Lamiri v. Audette*, No. 6:15-cv-1810-Orl-28TBS, 2015 WL 13741736, at *6 (M.D. Fla. Dec. 22, 2015), *report and recommendation adopted*, 2016 WL 452317 (M.D. Fla. Feb. 5, 2016); *Escobar Villatoro v. Figueredo*, No. 8:15-cv-1134-T-36TBM, 2015 WL 6150769, at *3 (M.D. Fla. Oct. 16, 2015).

For these reasons, Plaintiff's Renewed Motion for Attorney's Fee and Costs Pursuant to 22 U.S.C. § 9007(b)(3) and the Hague Convention (Doc. No. 97) is **DENIED WITHOUT PREJUDICE**. Within **twenty-one (21) days** from the date of

this Order, Plaintiff may file a renewed motion for fees and necessary expenses. Plaintiff's motion must contain a memorandum of legal authority as required by Local Rule 3.01(a) establishing that each category of fees and expenses are recoverable under either 22 U.S.C. § 9007(b)(3) or the Hague Convention. The legal authority should be from courts in this Circuit and this District unless no such authority exists. Plaintiff's motion must also explain either why the lodestar approach does not apply to the requested attorney's fees, or if it does, then Plaintiff must conduct a lodestar analysis to include establishing the reasonableness of the hourly rates and billable hours requested – again using authority from within this District and Circuit unless such authority does not exist. In addition, Plaintiff must support each requested cost and/or expense with evidence – such as invoices or affidavits – establishing the amount of the cost/expense, identifying the specific expenses incurred by counsel versus those incurred by Plaintiff, and explaining how these expenses relate to the return of the Minor Children to Mexico and/or were otherwise necessary under applicable legal authority.

**Plaintiff is advised that any category of expenses or fees that are not properly supported in this manner will not be considered.**

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties